UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SANTA MAGDALENO,

                Plaintiff,

   - against -

MILLER DEDICATED SERVICES, LLC, *et al.*,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM & ORDER**
No. 24-CV-3355 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

On May 6, 2024, Defendants Miller Dedicated Services, LLC ("Miller Dedicated Services"), Miller Auto Leasing Co. ("Miller Auto Leasing"), and Geoffrey McNeil ("McNeil") (collectively, the "Miller Defendants") filed a notice removing this action from the Supreme Court of the State of New York, Queens County, to this Court. (Dkt. 1 ("Notice").) On May 9, 2024, Plaintiff requested a pre-motion conference ("PMC") in anticipation of filing a motion to remand this case back to state court. (Dkt. 7 ("Pl.'s PMC Mot.").) On May 23, 2024, the Miller Defendants responded to the Court's show cause order as to why this action should not be remanded due to a lack of subject matter jurisdiction. (5/13/2024 Docket Order; Dkt. 9 ("Defs.' Response").) For the reasons set forth below, the Court REMANDS this matter to state court without requiring further briefing from the parties.

## BACKGROUND

On January 10, 2024, Plaintiff Santa Magdaleno ("Plaintiff") filed a complaint in state court against the Miller Defendants, AM Castle & Co. ("AM Castle"), and Anajay Romero ("Romero"). (Dkt. 1-1 ("Complaint" or "Compl.") at 1.) The Complaint alleges that Plaintiff was seriously injured when a motor vehicle owned and operated by the Miller Defendants came into

contact with a vehicle owned and operated by Defendant Romero in which Plaintiff was a passenger. (*Id.* ¶¶ 109–15.)  Plaintiff demands damages in a sum "greater than the jurisdiction limits of the lower Courts of the State of New York, including the minimum threshold for federal jurisdiction under 28 U.S.C. § 1332(a)." (*Id.* ¶ 118.)

The Miller Defendants invoke diversity jurisdiction pursuant to 28 U.S.C § 1332 as the basis for federal subject matter jurisdiction. (Notice ¶ 11.)  The Notice alleges that: (1) Plaintiff is a "resident" of New York; (2) McNeil is a "resident" of New Jersey; (3) Miller Dedicated Services is a Delaware Limited Liability Corporation with a principal place of business in Pennsylvania whose sole member "resides in New Jersey"; (4) Miller Auto Leasing is a New Jersey Corporation with a principal place of business in New Jersey; and (5) "[u]pon information and belief, Defendant Romero resides in New Jersey." (Notice ¶¶ 4–7.  *But see* Compl. ¶ 56 ("Upon information and belief, at all relevant times, Defendant [Romero] . . . resided in the County of Bronx, City and State of New York.").)  The Notice further states "[a] stipulation of partial discontinuance was filed without prejudice against [AM Castle] on April 18, 2024[.]" (Notice ¶ 9.)  With respect to the amount in controversy, the Notice alleges that "[u]pon information and belief, this claim presents the possibility for damages in excess of $75,000." (*Id.* ¶ 11.)

In her PMC request, Plaintiff identified as grounds for her anticipated remand motion that "there is no diversity in this action" and that removal is untimely. (*See* Pl.'s PMC Mot. at 2.)  As to diversity, Plaintiff contends that she and Romero are both citizens of New York. (*Id.*)  As to timeliness, Plaintiff contends that the Miller Defendants filed their notice of removal more than 30 days after being served with the Complaint. (*Id.* at 3 (explaining that the Miller Defendants were served in January 2024 but did not remove this action until over three months later in May 2024).)

2

The Court directed the Miller Defendants to respond to Plaintiff's PMC request and show cause as to why this action should not be remanded due to a lack of subject matter jurisdiction. (5/13/2024 Docket Order.)  As discussed, the Miller Defendants filed their response on May 23, 2024.  (*See* Defs.' Response.)

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  This provision is construed narrowly and in favor of remand out of "[d]ue regard for the rightful independence of state governments."  *Gribler v. Weisblat*, No. 07-CV-11436, 2008 WL 563469, at *1 (S.D.N.Y. Feb. 25, 2008) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)); *see Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.").  As the removing party, "the defendant bears the burden of demonstrating the propriety of removal."  *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994); *accord Bank of Am. v. Angona*, No. 14-CV-1643 (JG), 2014 WL 1515559, at *1 (E.D.N.Y. Apr. 18, 2014) (explaining that the party seeking removal "bears the burden of proof that jurisdictional and procedural requirements have been met").

To remove an action to federal court, a defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28

U.S.C. § 1446(a).  "A defendant who is served simultaneously with summons and complaint must file any notice of removal within thirty days of receiving those documents." *Thomas v. Baldwin*, 189 F. Supp. 2d 1, 2 (E.D.N.Y. 2002) (first citing 28 U.S.C. § 1446(b), then citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).  However, if the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3); *see Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (per curiam) (explaining that the 30-day removal period does not begin to run until the defendant "receive[s] the first document from which all of the facts giving rise to removability [are] evident"); *see also id.* at 38 (holding "that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought").  Finally, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A).

## DISCUSSION

### I. Remand Warranted by Lack of Unanimity

As an initial matter, the Miller Defendants' Notice of Removal is procedurally defective because Defendant Romero has not joined in or consented to the removal of the action.  (*See generally* Notice.)  Under 28 U.S.C. § 1446(b)(2)(A), when a civil action is removed on the basis of diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  This "rule of unanimity" is well established, *see Heller v. N.Y.C. Health & Hosps. Corp.*, No. 09-CV-6193 (LTS) (GWG), 2010 WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010) (requiring "all defendants to manifest their

consent to removal"), and "most courts have required some form of unambiguous written evidence of consent," *see Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998). Although the Miller Defendants' Notice of Removal acknowledges that Romero is a Defendant (Notice ¶ 10), it gives no indication that Romero consents to or joins in removal. *See Diallo v. Puerta*, No. 23-CV-9452 (PKC) (MMH), 2024 WL 640066, at *5 (E.D.N.Y. Feb. 15, 2024) (remanding where, *inter alia*, defendants failed to adhere to the rule of unanimity). This omission is particularly troubling given that the parties dispute whether Romero is a citizen of New York or New Jersey. (*See, e.g.*, Notice ¶ 10 ("Upon information and belief, Defendant Romero resides in New Jersey."); Pl.'s PMC Mot. at 2 ("Plaintiff [] and Defendant Anjay Romero are both citizens of the same state – the state of New York"); Compl. ¶ 56 ("Upon information and belief, at all relevant times, Defendant [Romero] . . . resided in the County of Bronx, City and State of New York."); Dkt. 7-3 at 2 (Romero's answer, admitting the allegations in Paragraph 56 of the Complaint, which alleges that "at all relevant times, [Romero] . . . resided in . . . New York"); Defs.' Response at 2 (explaining that, "[d]espite Romero's Answer being filed on April 23, 2024, admitting Romero was a New York resident, Romero's counsel confirmed on April 30, 2024, via telephone and email, that his client is in fact a New Jersey resident and an amended answer would be forthcoming").) Nor is there any doubt that Romero was properly served with the Complaint before the Notice was filed given that Romero's answer was filed on April 23, 2024 (*see* Dkt. 7-3)[1]—well before the

---

[1] The Court also notes that the Miller Defendants failed to attach Romero's answer to their Notice of Removal, despite 28 U.S.C. § 1446(a)'s requirement that removing defendants include "a copy of all process, pleading, and orders[.]" 28 U.S.C. § 1446(a); *see N.Y. State Cnty. of Nassau Sup. Ct. v. Powell*, No. 18-CV-4079 (JFB) (AYS), 2018 WL 9986665, at *2 (E.D.N.Y. Aug. 8, 2018) (remanding case due to procedural deficiencies where, among other things, copies of all process, pleadings, and orders filed in state court, including the complaint, were missing from defendant's notice of removal); *Marie-Dessisso v. JP Morgan Chase Bank, N.A.*, No. 15-CV-5152 (WFK), 2015 WL 5732127, at *2 (E.D.N.Y. Sept. 28, 2015) (finding that defendant's notice of

Miller Defendants filed their Notice of Removal on May 6, 2024. *Cf. Newkirk v. Clinomics Biosciences, Inc.*, No. 06-CV-0553 (GLS) (RFT), 2006 WL 2355854, at *4 (N.D.N.Y. Aug. 15, 2006) ("[A] defendant not subject to state court jurisdiction through proper service of process at the time of removal is excused from the unanimity requirement").

## II. Remand Warranted by Lack of Diversity Jurisdiction

In all cases removed to federal court based on diversity jurisdiction, the removing party has the burden of establishing not just the complete diversity of citizenship of the parties, but also that the amount in controversy exceeds the $75,000 jurisdictional threshold. 28 U.S.C. § 1332(a); *accord Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action." *Lupo*, 28 F.3d at 273−74. The Second Circuit "has repeatedly cautioned" district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo*, 932 F.2d at 1045–46). Indeed, "a case filed in state court does not become removable [on the basis of diversity jurisdiction] until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Daversa v. Cowan Equip. Leasing LLC*, No. 20-CV-163 (WFK) (RLM), 2020 WL 967436, at *2 (E.D.N.Y. Feb. 28, 2020) (internal quotation marks omitted) (citing *Moltner*, 624 F.3d at 38);

---

removal was "procedurally deficient" where, *inter alia*, it did not include copies of all process, pleadings, and orders served in the state action); *Diallo*, 2024 WL 640066, at *5 (same).

*accord Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *1 (E.D.N.Y. Oct. 26, 2011) (quoting *Moltner*, 624 F.3d at 38).

Here, remand is warranted because the Miller Defendants have failed to meet their burden of establishing that this Court has subject matter jurisdiction over this action. *See Lupo*, 28 F.3d at 273–74. Aside from the question of Romero's citizenship,[2] the Court is not satisfied that the $75,000 jurisdictional amount for diversity jurisdiction is met. The Complaint itself does not specify the amount of money damages sought, and instead merely alleges that "Plaintiff has been damaged in an amount greater than the jurisdictional limits of the lower Courts of the State of New York, including the minimum threshold for federal jurisdiction under 28 U.S.C. § 1332(a)." (*See* Compl. ¶ 118.) These allegations are insufficient. *See Arshadnia v. Best Buy Co., Inc.*, No. 23-CV-8639 (DLI) (PK), 2023 WL 8456091, at *2 (E.D.N.Y. Dec. 6, 2023) (finding that the conclusory allegation in complaint that plaintiff was damaged in the sum of at least $75,000 was insufficient to establish subject matter jurisdiction because it was not "supported by plausible factual allegations that the amount in controversy [did] in fact exceed $75,000"); *Moltner*, 624 F.3d at 38 (explaining that "the amount of monetary damages sought" must be "explicitly specifie[d]"); *Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on ad damnum clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts"). Furthermore, neither the Complaint nor the Notice contain specific enough information concerning the nature and extent of Plaintiff's injuries

---

[2] Although the parties focus on where Romero resides, residence does not suffice to allege citizenship and is inadequate to support diversity jurisdiction. *See Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53–54 (2d Cir. 2019) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[;] . . . residence alone is insufficient to establish domicile for jurisdictional purposes.").

7

to permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied. (Compl. ¶ 114 (alleging that "Plaintiff was rendered sick, sore, lame, and disabled and has remained so since [the] accident" and that "she sustained nervous shock and continues to suffer mental anguish and great physical pain")); *see Palmer v. Schindler Elevator Corp.*, No. 17-CV-3619 (ARR) (RLM), 2017 WL 3037411, at *2 (E.D.N.Y. July 18, 2017) ("[T]he allegation that plaintiff suffered a lumbar spine injury [requiring surgical intervention] does not establish that the amount in controversy is over $75,000."); *Thomas v. Burlington Stores, Inc.*, No. 22-CV-08520 (PMH), 2022 WL 6698806, at *2 (S.D.N.Y. Oct. 11, 2022) (remanding despite allegations that "[p]laintiff sustained serious personal injuries, . . . under[went] surgery, attend[ed] physical therapy, [was] . . . rendered disabled, was confined to bed and home, [and] was caused to expend sums of money for medical aid and attention"); *cf. Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, No. 19-CV-7294 (RA), 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019) (denying motion for remand where plaintiff's bill of particulars included specific monetary amounts in connection with injuries and treatments that exceeded $75,000).[3]

---

[3] That "Plaintiff's pre letter motion [sic] does not dispute that the amount in controversy is above $75,000" is of little consequence. (*See* Defs.' Response at 3.) "[F]ederal courts have a continuing and independent duty to ensure that they possess subject matter jurisdiction, and must dismiss a case when they find subject matter jurisdiction lacking." *Pan v. Whitaker*, 351 F. Supp. 3d 246, 249–50 (E.D.N.Y. 2019) (citing Fed. R. Civ. P. 12(h)(3); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316 (2006)).

## CONCLUSION

For the foregoing reasons, this case is REMANDED to the Supreme Court of the State of New York, Queens County, under Index No. 700668/2024.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 30, 2024
      Brooklyn, New York